IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK DAHLHAMMER, | : | |
| | : | |
| Plaintiff, | : | No.   05-CV-1749 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| CITIBANK (SOUTH DAKOTA) N.A., | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**November 30, 2006**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before the Court is a Motion to Dismiss Plaintiff Roderick

Dahlhammer's ("Plaintiff" or "Dahlhammer") Complaint ("the Motion") filed by

one of the Defendants in the above-captioned case, Citibank (South Dakota) N.A.

("Defendant" or "Citibank"), on May 8, 2006.  (Rec. Doc. 9).  For the reasons that

follow, Defendant's Motion shall be granted.

**PROCEDURAL HISTORY:**

On August 29, 2005, Dahlhammer filed a Complaint arising under the

provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

*et seq.*, the Fair Credit Extension Uniformity Act ("FCEUA"), 73 PA. STAT. §

1

2270.1 *et seq*., and the Unfair Trade Practices and Consumer Protection Law

("UTPCPL"), 73 PA. STAT. § 201-1 *et seq*., in the United States District Court for

the Middle District of Pennsylvania, and naming Citibank as one of the Defendants.

(Rec. Doc. 1-1).  On October 19, 2005, Citibank filed an Answer to the Complaint.

(Rec. Doc. 4).

On May 8, 2006, Citibank filed the instant Motion (doc. 9) and Brief in

Support thereof (doc. 10).  The Motion has been fully briefed by the parties, and

is, therefore, ripe for disposition.

**FACTUAL BACKGROUND:**

In his Complaint, Plaintiff alleges that his claims arose after the opening of a

revolving open account, account number 4339099004325649, with Salomon Smith

Barney, under the name of The Travelers Bank, on or about October 15, 1997.

(Rec. Doc. 1-1, ¶¶ 14-15).  In early 2003, "Citibank became involved with Plaintiff

Dahlhammer."  (Rec. Doc. 1-1, ¶ 14).  On or about July 16, 2003, Plaintiff began to

challenge the alleged debt that he had incurred pursuant to this account.  (Rec.

Doc. 1-1, ¶¶ 14, 16).  Plaintiff's requests and demands for documentation were

directed to Citi Cards, now known as Citibank.  (Rec. Docs. 1-1, ¶¶ 16-18, 21; 1-3

at 1-4; 1-5 at 2).  On or about August 19, 2003, and October 1, 2003, Plaintiff also

filed a "Notice of Dispute, Notice of Fault with Opportunity to Cure," and a

"Notice of Fault," respectively, in the Court of Common Pleas of York County. (Rec. Doc. 1-1, ¶¶ 19-20).

After Citibank failed to produce any of the documents Plaintiff had repeatedly requested, Plaintiff filed a claim with the Champlain Valley Arbitration Corporation ("Champlain") on or about March 3, 2004. (Rec. Doc. 1-1, ¶ 22). Champlain then sent similar requests and demands for documentation to Citi Cards. (Rec. Doc. 1-1, ¶¶ 23-24).

"Citibank failed to respond to Dahlhammer as well as an arbitration company." (Rec. Doc. 1-1, ¶ 26). Thus, Champlain issued an "award" against Citi Cards for failure to supply any of the requested documents. (Rec. Doc. 1-1, ¶ 27).

On or about March 10, 2004, and March 11, 2004, National Financial Systems, Inc., telephoned Plaintiff in an attempt to collect his alleged debt. (Rec. Doc. 1-1, ¶ 28). On March 15, 2004, National Financial Systems, Inc., also sent a notice of the debt to Plaintiff. (Rec. Doc. 1-1, ¶ 28).

On or about January 5, 2005, Citi Cards wrote Plaintiff a collection letter (doc. 1-1, ¶ 30), and on or about February 9, 2005, an attorney from Burton Neil & Associates, P.C. ("Burton Neil") also telephoned Plaintiff in an attempt to collect the alleged debt. (Rec. Doc. 1-1, ¶ 29). On or about February 7, 2005, Burton

3

Neil also mailed Plaintiff a collection letter, demanding payment of $33,174.93,

allegedly due its client, Citibank U.S.A., N.A.  (Rec. Doc. 1-1, ¶ 29).

Correspondence between Plaintiff and the law firm ensued, culminating in the firm

filing suit against Plaintiff in the Court of Common Pleas of York County on May

31, 2005.  (See Rec. Doc. 1-1, ¶¶ 31-37).  The lawsuit appears to be ongoing.

(See Rec. Doc. 1-1, ¶¶ 38-43).

In his Complaint, Plaintiff seeks various forms of relief under the FDCPA, 15

U.S.C. § 1692 et seq., the FCEUA, 73 PA. STAT. § 2270.1 et seq., and the

UTPCPL, 73 PA. STAT. § 201-1 et seq.  (Rec. Doc. 1-1).  However, the principal

forms of relief sought are a declaratory judgment that Defendants are in violation of

the FDCPA, an injunction prohibiting Defendants from communicating with

Plaintiff, a judgment for actual damages against Defendants, a judgment for

statutory damages against Defendants, an award of costs and reasonable attorney's

fees, and judgment for treble damages against pursuant to 73 P.S. § 201-9.2(a).

(Rec. Doc. 1-1 at 26-28).

## STANDARD OF REVIEW:

In considering a motion to dismiss, a court must accept the veracity of a

plaintiff's allegations.  See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also

White v. Napoleon, 897 F.2d 103, 106 (3d Cir. 1990).  In Nami v. Fauver, 82 F.3d

63, 65 (3d Cir. 1996), our Court of Appeals for the Third Circuit added that in

considering a motion to dismiss based on a failure to state a claim argument, a

court should "not inquire whether the plaintiffs will ultimately prevail, only whether

they are entitled to offer evidence to support their claims."  Furthermore, "a

complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957);

see also District Council 47 v. Bradley, 795 F.2d 310 (3d Cir. 1986).

## DISCUSSION:

**A.**    **Construing Citibank's Motion to Dismiss (doc. 9) as a Motion for Judgment on the Pleadings**

Before addressing the merits of Citibank's argument underlying its Motion,

this Court must consider the implications of Citibank filing its Motion to Dismiss

(doc. 9) for failure to state a claim upon which relief can be granted pursuant to

FED. R. CIV. P. 12(b)(6) after filing its Answer (doc. 4).  FED. R. CIV. P. 12(b)

provides:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (6) failure to state a claim upon which relief can be granted . . . .  A motion making any of these defenses shall be made *before* pleading if a further pleading is

5

permitted . . . .

FED. R. CIV. P. 12(b) (emphasis added).  Thus, it appears that Defendant's failure

to file its Motion prior to its Answer renders the Motion untimely.  Some district

courts have held as such, and, accordingly, denied the Motions.  See, e.g., Nason

& Cullen, Inc. v. Delaware Valley Designers & Mfrs., Inc., No. 02-3270, 2002 U.S.

Dist. LEXIS 23502, at *2 (E.D. Pa. Nov. 14, 2002); Green v. City of Bessemer,

202 F. Supp. 2d 1272, 1274 (N.D. Ala. May 16, 2002).

However, FED. R. CIV. P. 12(h)(2) states: "[a] defense of failure to state a

claim upon which relief can be granted . . . may be made in any pleading permitted

or ordered under Rule 7(a), or by motion for judgment on the pleadings, or at the

trial on the merits."  FED. R. CIV. P. 12(h)(2).  Thus, the Court of Appeals for the

Third Circuit has held that a defendant's motion styled as one for "Judgment on the

Pleadings dismissing the Complaint" pursuant to both Rule 12(b) and Rule 12(c),

but filed after the defendant's Answer, would be disposed of by applying the same

standards as under Rule 12(b)(6) because "Rule 12(h)(2) provides that a defense of

failure to state a claim upon which relief can be granted may also be made by a

motion for judgment on the pleadings."  Turbe v. Gov't of the Virgin Islands, 938

F.2d 427, 428 (3d Cir. 1991).

Relying at least in part on Turbe, several district courts in the Third Circuit

have held that when a Motion to Dismiss is filed after an Answer, courts may treat it as a Motion for Judgment on the Pleadings and apply the standards used when deciding a FED. R. CIV. P. 12(b)(6) Motion.  See Trustees of the Univ. of Pennsylvania v. Mayflower Transit, Inc., No. 97-1111, 1997 U.S. Dist. LEXIS 14577, at *4 (E.D. Pa. Sept. 16, 1997) ("although 'a post-answer Rule 12(b) motion is untimely,' this timing requirement has customarily been treated as a mere technicality . . . a motion to dismiss under Rule 12(b)(6) made after an answer has been filed may be treated, in the court's discretion, as a Rule 12(c) motion for judgment on the pleadings." (internal citations omitted)).  See also Prudential Prop. & Cas. Ins. Co. v. Stump, No. 94-3464, 1994 U.S. Dist. LEXIS 18072, at *3 (E.D. Pa. Dec. 16, 1994) ("Technically, a 12(b)(6) motion filed after an answer is untimely and the court must deny it.  However, under Rule 12(h)(2), 12(b)(6) motions are preserved from waiver . . . and . . . are then treated under Rule 12(c) as a motion for judgment on the pleadings . . . .").  In light of Turbe and the persuasive district court cases interpreting it, this Court will construe Defendant's Motion to Dismiss as a Motion for Judgment on the Pleadings.

**B.     The Merits of Citibank's Argument that Plaintiff's Complaint Fails to State a Claim upon which Relief Can Be Granted**

In its Motion, Citibank seeks dismissal of Plaintiff's Complaint for failure to

state a claim upon which relief can be granted.  (Rec. Doc. 9 at 1).  Citibank argues

that the "crux of Plaintiff's Complaint -- the alleged FDCPA violation -- fails as a

matter of law because Citibank is not a 'debt collector' subject to the FDCPA[,]"

and "that any other claims predicated on an FDCPA violation[] must be

dismissed."  (Rec. Doc. 10 at 2).  Citibank argues that Plaintiff's state claims,

grounded in the FCEUA and UTPCPL, are largely or entirely derivative of the

federal FDCPA claim (doc. 10 at 8), and that further, Plaintiff's "state law claims

are defective because Plaintiff has not -- and cannot -- allege any direct wrongdoing

by Citibank."  (Rec. Doc. 10 at 3).

Because of its impact on Plaintiff's state law claims, this Court begins its

discussion with Plaintiff's federal FDCPA claim.  As required in any matter

involving statutory construction, this Court looks to the FDCPA's text when

determining whether Citibank is subject to the provisions of the FDCPA.  The

FDCPA states that:

> [t]he term 'debt collector' means any person who uses any instrumentality
> of interstate commerce or the mails in any business the principal purpose of
> which is the collection of any debts, or who regularly collects or attempts to
> collect, directly or indirectly, debts *owed or due or asserted to be owed or*
> *due another* . . . .

15 U.S.C. § 1692a(6) (emphasis added).  In fact, the FDCPA explicitly excludes

creditors and their corporate affiliates from its provisions by stating that the term

"debt collector" does not include:

> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and *if the principal business of such person is not the collection of debts* . . .
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (ii) concerns a debt which was *originated by such person* . . . .

15 U.S.C. § 1692a(6) (emphasis added).  However, the FDCPA contains an

exception that may bring certain creditors within its ambit:

> Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, *uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts*.

15 U.S.C. § 1692a(6) (emphasis added).

Case law from our Circuit, as well as Sister Circuits, confirms that the

FDCPA excludes creditors from the definition of debt collectors.  The Court of

Appeals for the Third Circuit has held that "[c]reditors–as opposed to 'debt

collectors'–generally are not subject to the FDCPA."  Pollice v. Nat'l Tax Funding,

L.P., 225 F.3d 379, 403 (3d Cir. 2000) (citing Aubert v. Am. Gen. Fin., Inc., 137

F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose

principal business is not debt collection . . . are not subject to the Act . . . Because

creditors are generally presumed to restrain their abusive collection practices out of

a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own."); <u>Staub v. Harris,</u> 626 F.2d 275, 277 (3d Cir. 1980) ("The [FDCPA] does not apply to persons or businesses collecting debts on their own behalf.")).  <u>See also</u> <u>Schmitt v. FMA Alliance</u>, 398 F.2d 995, 998 (8th Cir. 2005) (citing <u>Randolph v. I.M.B.S., Inc.,</u> 368 F.3d 726, 729 (7th Cir. 2004)); <u>Wadlington v. Credit Acceptance Corp.,</u> 76 F.3d 103, 106 (6th Cir. 1996) (quoting <u>Perry v. Stewart Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1985)).

Relying on the FDCPA's text and the abundant case law interpreting it, Citibank first argues (doc. 19-1 at 4) that it is not subject to the FDCPA's provisions because it is a creditor that never used a name other than its own to collect or attempt to collect Plaintiff's debt.[1]  <u>See</u> 15 U.S.C. § 1692a(6).  <u>See also</u> <u>Pollice</u>, 225 F.3d at 403. Citibank argues that "the *only* time when a creditor may be subject to liability under the FDCPA" is when the creditor uses a name other than its own to collect or attempt to collect debts and Citibank never did so.  (Rec. Doc. 19-1 at 5 (emphasis in original)).  In light of the FDCPA's text and the

_____

[1] The Court agrees with Citibank's argument (doc. 10 at 6 n.4) that even if Plaintiff had argued that Salomon Smith Barney or the Travelers Bank were his original creditor based on his allegation of such in the Complaint (doc. 1-1), Citibank is not subject to the provisions of the FDCPA on those grounds because it is a corporate affiliate of Salomon Smith Barney. <u>See</u> 15 U.S.C. § 1692a(6)(B).

10

precedent discussed above, Citibank's argument is highly persuasive, particularly in light of Plaintiff's concession in his Brief in Opposition that Citibank used its true business name when attempting to collect Plaintiff's debt.  (Rec. Doc. 16 at 2, 6).

However, Plaintiff counters by arguing that because Plaintiff initially entered into a credit card agreement with one entity, Salomon Smith Barney, in 1997, and at some later date, Plaintiff was instructed to pay "Citi Cards," and then in 2003, Plaintiff was instructed to pay "Citibank," "Citibank is covered under the [FDCPA], even though they used their true business name in their collection contacts to plaintiff, because their contacts were designed to make plaintiff believe that an independent contractor had intervened."  (Rec. Doc. 16 at 6).  Plaintiff asserts that the changing of the creditor's name from Salomon Smith Barney to Citi Cards to Citibank would result in "[t]he least sophisticated consumer . . . reasonably believ[ing] that their credit card account had been transferred to an independent collector . . . [,]" apparently relying on Britton v. Weiss, No. 89-143, 1989 U.S. Dist. LEXIS 14610, at *6 (citing Jeter v. Credit Bureau, Inc., 760 F.2d 1167, 1172 (11th Cir. 1985) (indicating that "the test the court must apply is whether the 'least sophisticated consumer' would be deceived by the collection practice.")).  (Rec. Doc. 16 at 6).  Thus, Plaintiff appears to argue that although the FDCPA's text only explicitly enables creditor liability when the creditor actually

11

uses a name other than its own, the spirit of the FDCPA requires its application to Citibank because of the confusion allegedly created by Citibank's name changes.

Plaintiff's argument is unavailing for several reasons.  First, Plaintiff's argument appears disingenuous.  As Defendant astutely noted, Plaintiff's own exhibits demonstrate that as early as July of 2003, he understood that "Citi Cards," later "Citibank," referred to the creditor of his credit card account, and not a third-party collector.[2]  (Rec. Docs. 19-1 at 5-6; 1-3 at 1).  In Plaintiff's Exhibit 1, Plaintiff addressed a letter to "Citi Cards" in which he "concluded that CITI CARDS may have breached the original credit card agreement . . . ."  (Rec. Doc. 1-3 at 1).  In the same correspondence, Plaintiff attached an affidavit to be signed by an "Authorized Lender Agent" that would provide the "adequate assurance of due performance regarding the above mentioned account," the same account at issue here.  (Rec. Doc. 1-3 at 1-4).  Certainly, Plaintiff's language and request indicate that Plaintiff was aware that Citi Cards was a creditor, not a third-party collector.  Further, Plaintiff's Exhibit 3 reveals that Plaintiff later wrote to Citi Cards again, also demanding adequate assurance of due performance regarding "CITI

---

[2] Because Plaintiff attached various letters that he sent to Citi Cards as Exhibits to his Complaint, the Court may consider their contents in resolving the instant Motion.  See Lum v. Bank of Am., 361 F.3d 217, 222 n.3 (3d Cir. 2004).  In its disposition of the Motion, the Court may consider the contents of all Exhibits that Plaintiff attached to his Complaint.  Indeed, Plaintiff concedes as much in his Brief in Opposition.  (Rec. Doc. 16).

CARDS Account number 4339 0990 0432 5649 . . . ."  (Rec. Doc. 1-5 at 2).

Plaintiff's explicit reference to his Citi Cards account number can leave no doubt

that Plaintiff knew Citi Cards was a creditor, not a third-party collector.

Second, as also indicated by Defendant, the cases on which Plaintiff relies

are not on point.  See Dorsey v. Morgan, 760 F. Supp. 509, 513 (D. Md. 1991);

Britton v. Weiss, No. 89-143, 1989 U.S. Dist. LEXIS 14610, at *5 (N.D.N.Y. Dec.

7, 1989).  Both cases consider the issue of whether an attorney, collecting on an

account using the attorney's name, can be held liable as a debt collector.  Neither

are persuasive here, where Plaintiff's chief argument is that a creditor's name

change allegedly confused an alleged debtor.

Accordingly, this Court holds that with regard to Citibank's actions toward

Plaintiff, Citibank acted as a creditor, not a debt collector, as a matter of law.

Thus, Citibank cannot be held liable under the FDCPA on the basis of its

relationship to Plaintiff.

Next, we consider Plaintiff's argument that Citibank remains liable under the

FDCPA because it was responsible for Burton Neil's acts as a result of the

principal-agent relationship between Citibank and Burton Neil.  (Rec. Doc. 16 at 6).

Plaintiff cites only one case in support of his argument, Teng v. Metro. Retail

Recovery, Inc., 851 F. Supp. 61 (E.D.N.Y. 1994).  Although Plaintiff correctly

notes that the district court in <u>Teng</u> considered whether Citibank's debt collector was an independent contractor, that is, whether Citibank "had the authority 'to control the detailed physical performance of the contract,'" the court, in fact, dismissed the Complaint against Citibank because it was not a "debt collector." <u>Id.</u> at 66-67.

In contrast, Citibank cites numerous authorities in which the courts concluded that creditors are not liable for their debt collectors' actions despite a potential agency relationship. (Rec. Doc. 10 at 4, 6-8). For example, in a persuasive, albeit not binding, opinion from the Eastern District of Pennsylvania, the court held:

> The text of the [FDPCA], legislative history, and case law lead inescapably to the conclusion that, with a limited exception not present in this case, the [FDCPA] is applicable only to debt collectors, not the creditors who hire them. Because Congress has made it clear that creditors are not generally covered by the Act, common law agency principles are inapplicable and may not be applied to impose liability on a creditor . . . .

<u>Castro v. Revere Collection Agency</u>, No. 90-5684, 1991 U.S. Dist. LEXIS 10497, at *3 (E.D. Pa. July 25, 1991). The court also bolstered its rationale by noting that the exception for creditors who use a pseudonym for collecting debts "strengthens the argument that creditors generally are not covered by the Act; if they were, such an exception extending liability to a narrow group of creditors would not be

necessary" and by citing a Supreme Court case, <u>Monell v. Dep't of Social Services</u>, 436 U.S. 658, 691-94 (1978), indicating that "the language of a federal statute need not explicitly address the concept of agency in order to displace common law agency rules." <u>Castro</u>, 1991 U.S. Dist. LEXIS 10497, at *3-4.

Similarly, the Court of Appeals for the Sixth Circuit has also rejected a plaintiff's attempt to impose vicarious liability on a creditor exempt from the FDCPA. <u>See</u> <u>Wadlington</u>, 76 F.3d at 108. Holding that a creditor could not be held liable for the actions of its debt collector, the court reasoned: "We do not think it would accord with the intent of Congress, as manifested in the terms of the [FDCPA] for a company that is not a debt collector to be held vicariously liable for a collection suit filing that violates the [FDCPA] only because the filing attorney is a 'debt collector.'" <u>Id.</u>

However, as alluded to by Citibank in its Reply Brief (doc. 19-1), the Court of Appeals for the Third Circuit has provided instructive authority on this issue. <u>See</u> <u>Pollice</u>, 225 F.3d at 404-05. In <u>Pollice</u>, the Third Circuit reconciled <u>Wadlington's</u> holding that a creditor could not be held vicariously liable for its attorney's acts with the holding that an creditor could be held liable for its attorney's acts in <u>Fox v. Citicorp Credit Services, Inc.</u>, 15 F.3d 1507 (9th Cir. 1994). Quoting a state court case, the Third Circuit summarized "[t]he rule to be

gleaned" from <u>Fox</u> and <u>Wadlington</u>:

> Federal courts that have considered the issue have held that the client of an attorney who is a 'debt collector,' as defined in § 1692a(6), is vicariously liable for the attorney's misconduct if the client is itself a debt collector as defined in the statute.  Thus, vicarious liability under the FDCPA will be imposed for an attorney's violations of the FDCPA if both the attorney and the client are debt collectors as defined in § 1692a(6).

<u>Pollice</u>, 225 F.3d at 404 (quoting <u>First Interstate Bank of Fort Collins v. Souci</u>, 924

P.2d 1200, 1202 (Colo. Ct. App. 1996)).  The Third Circuit then applied <u>Fox</u> and

<u>Wadlington's</u> holdings involving attorneys to other entities, holding that "an entity

that is itself a 'debt collector'–and hence subject to the FDCPA–should bear the

burden of monitoring the activities of those it enlists to collect debts on its behalf."

<u>Pollice</u>, 225 F.3d at 405.  <u>See also</u> <u>Hutt v. Albert Einstein Med. Ctr.</u>, No. 04-03440,

2005 U.S. Dist. LEXIS 21548, at *23 n.7 (E.D. Pa. Sept. 28, 2005) (noting that "a

creditor that is not itself a debt collector is not vicariously liable for the actions of a

debt collector in the creditor's employ.").

Relying on the Third Circuit's holding in <u>Pollice</u>, we now hold that Citibank

cannot be held vicariously liable for the acts of Burton Neil because of our earlier

holding that Citibank itself is not a debt collector.[3]  Thus, in the Order to follow,

---

[3] In light of <u>Pollice</u>, this Court need not consider the supplemental authorities submitted by Citibank.  (<u>See</u> Rec. Docs. 11, 25, 27).  However, this Court notes that Citibank's requests for judicial notice of precedent and the underlying Complaints need not be stricken as improper.  Indeed, the Court appreciates cites to case law in parties' submissions, as well copies of the opinions if they are

Citibank's Motion for Judgment on Plaintiff's FDCPA claim will be granted:

Plaintiff's FDCPA claim against Citibank will be dismissed.

Next, we turn to Plaintiff's claims against Citibank brought under

Pennsylvania state law.[4]  Having held that Plaintiff's federal FDCPA claim against

Citibank will be dismissed, leaving only Plaintiff's state law claims against the same,

and considering the early stage of this litigation, we decline, as is our right, to retain

jurisdiction over Plaintiff's pendant state law claims against Citibank.  28 U.S.C. §

1367(c)(3).

An appropriate Order shall issue.

---

sufficiently obscure as to render the text helpful.  Further, the Court notes its concern that so many federal courts' resources are being consumed by such frivolous claims as these.

[4] The Court notes that in Plaintiff's Brief in Opposition (doc. 16), he failed to argue with any specificity any reason that substantively his state law claims should survive or that this Court should retain jurisdiction over them.