IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RODERICK DAHLHAMMER, | : | |
| | : | |
| Plaintiff, | : | No.  05-CV-1749 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| CITIBANK (SOUTH DAKOTA) N.A., | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### January 31, 2007

## THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:

Pending before the Court is a Motion for Sanctions ("the Motion") filed by

one of the Defendants in the above-captioned case, Citibank (South Dakota) N.A.

("Defendant" or "Citibank"), on May 31, 2006.  (Rec. Doc. 12).  For the reasons

that follow, Defendant's Motion shall be granted.

## FACTUAL BACKGROUND/PROCEDURAL HISTORY:

As the parties and this Court are well-acquainted with the procedural history

and factual background of the instant action, we will not belabor it here.  However,

we will outline the salient facts surrounding the proceedings that were held before

this Court on January 4, 2007, and January 26, 2007, and the events that transpired

1

in the interim.  (See Rec. Docs. 37, 38, 42).

On August 29, 2005, Dahlhammer filed a Complaint arising under the provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Fair Credit Extension Uniformity Act ("FCEUA"), 73 PA. STAT. § 2270.1 *et seq.*, and the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 PA. STAT. § 201-1 *et seq.*, in the United States District Court for the Middle District of Pennsylvania, and naming Citibank as one of the Defendants.  (Rec. Doc. 1-1).  On November 30, 2006, this Court granted Citibank's Motion to Dismiss the Complaint (doc. 9).  (Rec. Doc. 28).

On May 31, 2006, Citibank filed the instant Motion.  (Rec. Doc. 12). Following our disposition of the Motion to Dismiss the Complaint, this Court convened a hearing on the instant Motion on January 4, 2007.  (Rec. Docs. 37, 38). Mr. Altman, counsel for Plaintiff who briefed Plaintiff's opposition to the above described Motions, was not present at said hearing, and when it became apparent that the nature of the instant Motion rendered his participation essential, we suspended the January 4, 2007 proceeding.  We tentatively rescheduled a second proceeding on this matter for January 25, 2007, to afford the parties some time in which to reach an amicable resolution of the issue.  (Rec. Doc. 38).

Following our Order (doc. 38) continuing the hearing, we received

2

correspondence from the parties indicating that Plaintiff had, in fact, tendered a check in the amount Citibank sought pursuant to the Motion. However, the correspondence also indicated that the parties had not reached an agreement as to the non-monetary sanctions that Citibank sought. Indeed, both parties submitted their own proposed Orders in resolution of the Motion.

Accordingly, on January 26, 2007, this Court re-convened its hearing on the Motion. (Rec. Doc. 42). Mr. Altman was present at this proceeding. During the proceeding, the Court and counsel for both parties examined Citibank's proposed Order and concluded that the language enjoining Plaintiff was overbroad because it involved an amorphous group. For example, it sought to enjoin "anyone acting in conjunction with Plaintiff . . . ." Thus, the Court and counsel agreed upon language narrowing the aforementioned injunction to that contained in the Order to issue contemporaneously herewith.

However, during the January 26, 2007 proceedings, the parties again reached an impasse as to a particular issue. They did not agree as to the inclusion, or lack thereof, of Mr. Altman's name in the portion of Citibank's proposed Order that indicated the Motion had been granted as against Plaintiff and Mr. Altman. As there appeared to be some hope that the parties could reach an agreement on the issue, the Court adjourned after directing the parties to further discuss the issue and

3

inform the Court of the outcome.

We have since received two (2) telephone calls from Citibank's counsel informing us that to date, the parties have not agreed on the issue of whether to include Mr. Altman's name in the Order.  Accordingly, we will dispose of the issue here.

Upon our review of Citibank's proposed Order, Rule 11 of the Rules of Civil Procedure, and the record in this case, we conclude that it is appropriate to grant the instant Motion as against Plaintiff and Mr. Altman.  We so hold because at some point long ago in his defense of the Motion to Dismiss the Complaint and the instant Motion, Mr. Altman's actions reached that which Rule 11 was designed to prevent.  Rule 11 provides in relevant part that:

> [b]y presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . (1) it is not being presented for any improper purpose . . . .

FED. R. CIV. P. 11(b)(1) (emphasis added).

Although we recognize Mr. Altman's professional responsibility and obligation to represent his client zealously, his receipt of the Motion to Dismiss the Complaint, a copy of the instant Motion that had not yet been filed, and finally, the instant Motion, should have given him pause.  They did not, at least until the time

came for Mr. Altman to appear before this Court on January 4, 2007 to defend against the instant Motion.   Rather, he allowed his originally <u>pro se</u> client to continue to misuse the FDCPA.   As Rule 11 specifically allows sanctions against attorneys and Mr. Altman indicated on the record at our last proceeding that Plaintiff has paid the monetary sanctions levied in the Order to issue, we do not think it inappropriate to extend this somewhat benign sanction to Mr. Altman. However, we do so with the expectation that it "is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated," as well as by Mr. Altman.   <u>See</u> FED. R. CIV. P. 11(c)(2).

An appropriate Order shall issue.